IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES DOUGLAS, Individually, President of the National Association for the Advancement of Colored People (Houston Branch), YOLANDA SMITH, Individually, Executive Director of the National Association for the Advancement of Colored People (Houston Branch), LEAGUE OF UNITED LATIN AMERICAN CITIZENS, DISTRICT VIII ("LULAC"), LAURIE VIGNAUD, Individually, SHAMIKA BELL, ELISABETH JOHNSON, CRAIG ANTHONY THOMAS, STACI CHILDS, BELINDA EVERETTE, CHARLESLEY WATT, ALANE LILLIE, RAYMOND STEPHNEY, KRYSTLE PLEASANT, ERIC GOODWINE, DWIGHT OSBORNE, TANYA DOUGLAS, REUBEN BROWN, J. ALLEN PROVOST, CAROL GALLOWAY, ANDRE SMITH, and RICHARD YOUNG, JACQUELYN MALONE, TERRY MILLS, JOSE LEAL and MARY RAMOS | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| *Plaintiffs*, | § | CIVIL ACTION NO. 4:18-cv-00603 |
| v. | § | |
| CAPITAL ONE, N.A., | § | (JURY DEMANDED) |
| *Defendant*. | § | |

**CAPITAL ONE, N.A.'S MOTION FOR EXTRAORDINARY RELIEF**

Capital One, N.A. ("Capital One") files this Motion for Extraordinary Relief to be heard on the question of whether emails sent from plaintiff to her counsel from Capital One's private

email server are privileged. Capital One respectfully requests that this motion be heard at the August 8, 2018, hearing set by U.S. Magistrate Judge Stacy relating to the Vignaud documents in Mr. Hall's possession.

## BACKGROUND

Capital One is in possession of ten e-mails that Plaintiff Laurie Vignaud ("Vignaud") sent to her attorney, Benjamin Hall ("Hall"), from her Capital One e-mail account while still employed by Capital One. Capital One segregated these e-mails immediately after discovering them, in the event they were later claimed to be privileged. Capital One and its outside counsel have not reviewed the documents to date.

At the hearing on Capital One's Motion for Protective Order regarding the documents Vignaud wrongfully obtained from Capital One, counsel for Capital One told the Court that it possessed the ten emails and asserted that they were not privileged. The Court instructed Hall to review the documents in question and alert counsel for Capital One if he would be arguing that the documents were privileged. Tr. from July 11, 2018 Hr'g, at 38. The Court indicated that both parties would have a chance to present their arguments regarding privilege at a future hearing. *Id.*

Following the hearing, Hall sent the following e-mail to counsel for Capital One:

> Also, my client is claiming attorney client communications privilege on all emails you claim to have on the CO computer. At your earliest opportunity, please make these emails available for my inspection in your offices. For now, I am requesting only to inspect the documents in your possession and ask that neither you nor your client violates my client's asserted privilege.

Exhibit 1, July 12, 2018, 12:10AM E-mail from B. Hall to R. Franklin, et al.

Although Hall himself received the documents from Vignaud, Capital One complied with his request and delivered a sealed envelope containing copies of the e-mail correspondence.

Neither Capital One, nor its outside counsel, reviewed the e-mails while turning over the documents to Hall.

On July 25, 2018, without following the Court's instructions that would have afforded the parties an opportunity to be heard on the privilege question, Hall filed a letter with the Court, enclosing the ten e-mails, and asking the Court to review their contents. (Dkt. # 70). Hall apparently sought to exonerate himself and his colleagues from any allegation of wrongdoing in relation to the issues raised by Capital One's Motion for Protective Order by showing the court that the e-mails were "completely benign and inconsequential."[1] *Id.* Yet Hall filed the e-mails under seal for the Court's review, ostensibly arguing that they were privileged and preventing Capital One from reviewing them or responding to his characterization. (Dkt. # 71).

Capital One now seeks an order from the Court that the e-mails between Vignaud and Hall in Capital One's possession are not protected by the attorney-client privilege. Fifth Circuit law is clear that the privilege does not attach to communications from an employee who, like Vignaud, is subject to a policy stating that the user has no right to privacy with regard to e-mail and that the communications are property of the company. Vignaud had no expectation of privacy, and even if she had some expectation of privacy despite Capital One's policy, that expectation was not objectively reasonable. *Alternatively*, even if the e-mails were subject to the attorney-client privilege, Vignaud waived that privilege when Hall submitted the documents to the Court in an attempt to prove that neither he nor anyone in his office acted improperly relating to Vignaud's wrongfully obtaining documents.

---

[1] At the hearing regarding the documents Vignaud wrongfully took from Capital One, Mr. Hall stated affirmatively that he neither directed Vignaud to obtain the documents in anticipation of litigation nor knew that Vignaud had "obtained these documents in a way that would be subject to question." Tr. At 24. Mr. Hall, however, is in possession of 8 banker's boxes of Capital One documents, many of which were marked "Capital One" or "Confidential" on their face. *See* ECF No. 65.

Capital One requests that if the Court rules that the correspondence is not privileged, the documents Mr. Hall filed with the Court continue to be sealed and nonpublic. Because Capital One has not reviewed the documents to date, it has no knowledge as to their contents. Fairness demands that Capital One be afforded the opportunity to review the documents before they are filed publically, and, if necessary, file an appropriate motion to protect any proprietary or confidential Capital One information in the documents.

## ANALYSIS

### 1. Vignaud's E-mails Were Never Protected by the Attorney-Client Privilege.

Under federal common law, the elements of the attorney-client privilege are: (1) a confidential communication; (2) made to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion, legal services, or assistance in a legal proceeding. *S.E.C. v. Microtune, Inc.*, 258 F.R.D. 310, 315 (N.D. Tex. 2009) (citing *United States v. Robinson,* 121 F.3d 971, 974 (5th Cir.1997)).   The party asserting the attorney-client privilege has the burden to show each document is protected by the privilege.  *AHF Cmty. Dev., LLC v. City of Dallas*, 258 F.R.D. 143, 146 (N.D. Tex. 2009).

The primary issue here is whether the communications were "confidential." That is directly connected to the question of whether Vignaud waived the privilege, because the concepts of "confidentiality" and "waiver" go hand in hand. *See United States ex rel. Ray v. GSD&M Idea City LLC*, 2012 WL 12925016, at *2 (N.D. Tex. 2012) (holding that "[c]onfidentiality is vital to a claim of attorney-client privilege" and "confidentiality of an attorney-client communication determines the presence or absence of waiver."). Put differently, to retain the character of attorney-client privileged communications, the privilege cannot be waived. *In re McDowell*, 483 B.R. 471, 491 (Bankr. S.D. Tex. 2012) (citing *In re Grand Jury Proceedings,* 517 F.2d 666, 670 (5th

Cir.1975)). Whether the claimant has waived the privilege is a fact-specific inquiry and courts look at the events surrounding the alleged waiver. *Id.*

In the Fifth Circuit, courts determine whether an employee has waived privilege as to her email communications with her attorney using a two-step analysis. Courts ask (1) whether the employee had a "subjective expectation of privacy" and (2) whether that expectation was one that "society accepts as objectively reasonable." *GSD&M Idea City LLC*, 2012 WL 12925016, at *2.

As to the first element, Vignaud should not have had an expectation of privacy because she was subject to Capital One's End User Responsibilities and Acceptable Standard ("the Policy"). Exhibit A.  The Policy reserves Capital One's right to review employee emails and instant messages and states that "the user has no right to privacy with regard to instant messaging and electronic mail. Any permissible, incidental personal use does not in any way diminish the fact there can be no expectation of privacy or confidentiality." Policy ¶ 4.0.  The Policy also provides that all electronic communications are the "property of Capital One." *Id.* In light of this policy, Vignaud could not have expected any privacy in her communications with her attorney.

Significantly, on December 1, 2017, Capital One sent all Financial Service Associates, including Vignaud, an e-mail reminding employees of the company's Policy.  Exhibit B.  The e-mail provided a link to Capital One's Policy and other related policies and reminded employees about the importance of protecting Capital One's confidential and sensitive data, information and documents. *Id.* The e-mail also stated that employees are "responsible for ensuring that Capital One's information is not improperly sent outside of Capital One. . . . **This includes sending confidential information or documents to yourself**." (emphasis in original).  *Id.* On the same day she received this e-mail, Vignaud forwarded it to her personal account. *Id.*

Even if Vignaud had a subjective expectation of privacy, despite the Policy, society would not accept her expectation as reasonable. In determining the second step, courts have widely adopted the *Asia Global* framework, which asks:

> (1) does the corporation maintain a policy banning personal or other objectionable use, (2) does the company monitor the use of the employee's computer or e-mail, (3) do third parties have a right of access to the computer or e-mails, and (4) did the corporation notify the employee, or was the employee aware, of the use and monitoring policies?

*In re Asia Global Crossing, Ltd.*, 322 B.R. 247, 257 (Bankr. S.D.N.Y. 2005)).

Each factor supports the conclusion that Vignaud's expectation of privacy was not reasonable. First, the Policy limits personal use. *See* Policy ¶ 4.0. Capital One's policy is restrictive in that it allows only "incidental" use that is "limited and reasonable." *Id.*

Second, the Policy states that the company monitors e-mails, that the employee has no right to privacy in his or her e-mails, and that all e-mails are the property of Capital One. Policy ¶ 4.0. These warnings are sufficient to establish that Vignaud did not have a reasonable expectation of privacy. *See In re Royce Homes, LLP*, 449 B.R. 709, 703 (Bankr. S.D. Tex. 2011) (finding that an employee had no reasonable expectation of privacy in emails sent over the company network and where the company's technology policy provided that all emails belonged to the company and that nothing contained in the company's electronic systems would be considered private); *Scott v. Beth Israel Med. Ctr. Inc.*, 847 N.Y.S.2d 436, 440 (Sup. Ct. 2007).

Third, "[c]ourts have found that there is no reasonable expectation of confidentiality where a company's policy "warns employees that their email communications will be automatically saved and are subject to review by [the company] and disclosure to third parties." *GSD&M Idea City LLC*, 2012 WL 12925016, at \*7 (finding that a company policy that emails are subject to review by third parties cuts against a finding that communications are privileged). The Policy states

that Capital One may review any emails or instant messages sent from its system. *See* Policy ¶ 4.0.

Finally, the fourth factor supports Capital One's position that these communications are not subject to the attorney-client privilege. The Policy states that "workers are responsible for understanding and complying with this Standard." *See* Policy, "Roles and Responsibilities." And, Capital One sent Vignaud the policy and she acknowledged receiving it when she forwarded that e-mail to her personal account. *See* Exhibit B.

In short, Vignaud had no expectation of privacy, and even if she had some expectation, that expectation was not objectively reasonable. Accordingly, the communications between Vignaud and Hall are not protected by the attorney-client privilege, and Capital One should be permitted to view the documents that it owns and are in its possession.

**2. Even if Vignaud's E-mails Were Privileged, Hall's Actions Waived Any Privilege.**

Even assuming that Vignaud's e-mails were privileged, Vignaud waived that privilege by disclosing those e-mails to a third party (the Court) to prove the substance of those communications.

It is well established that a privilege cannot be invoked as both a "sword" and a "shield" in litigation. *Conkling v. Turner*, 883 F.2d 431, 434 (5th Cir. 1989) ("The attorney-client privilege 'was intended as a shield, not a sword.'"). "[W]hen a party entitled to claim the attorney-client privilege uses confidential information against his adversary (the sword), he implicitly waives its use protectively (the shield) under that privilege." *Willy v. Admin. Review Bd.*, 423 F.3d 483, 497 (5th Cir. 2005). The attorney-client privilege protects only confidential communications. Tex. R. Evid. 503(b).

Disclosing supposedly privileged communications to support an argument in litigation waives that privilege. "The great weight of authority holds that the attorney-client privilege is

waived when a litigant 'place[s] information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party.'" *Conkling*, (quoting *Hearn v. Rhay,* 68 F.R.D. 574, 581 (E.D.Wash.1975)); *see also Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1417 (11th Cir.), *opinion modified on reh'g,* 30 F.3d 1347 (11th Cir. 1994) ("In other words, "[a] defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes.") (citing *United States v. Bilzerian,* 926 F.2d 1285, 1292 (2d Cir.), *cert. denied* 502 U.S. 813, 112 S.Ct. 63, 116 L.Ed.2d 39 (1991)*; United States v. Jones,* 696 F.2d 1069, 1072 (4th Cir.1982) ("Selective disclosure for tactical purposes waives the privilege."). "It is not necessary that [a party] raise an affirmative defense in order to be found to have injected an issue into the case that requires disclosure of privileged materials. Instead, [a party] can waive the privilege by injecting factual issues into the case that, in fairness, require disclosure of the communications to the opposing party." *Mohawk Indus., Inc. v. Interface, Inc.*, No. 4:07-CV-0212-HLM, 2008 WL 5210386, at *13 (N.D. Ga. Sept. 29, 2008).

Vignaud waived the privilege when Mr. Hall sent his letter to the Court. Crucially, Mr. Hall delivered the e-mails to the Court voluntarily, without any Court order. *Cf.* Texas Rule of Professional Conduct 1.05(c)(4) ("A lawyer may reveal confidential information: … When a lawyer has reason to believe it is necessary to do so in order to comply with **a court order**, a Texas Disciplinary Rule of Professional Conduct, or other law." (emphasis added)). It is evident that he did so in an attempt to prove a significant issue that reflects on *his* conduct: whether he or Vignaud's other attorneys had any knowledge that Vignaud wrongfully removed thousands of documents from Capital One. By acting affirmatively for his own benefit and the benefit of his client, who could be barred from using the documents in this litigation if the court determines they

were wrongfully obtained, any privileged that existed has been waived. *See Conkling*, 883 F.2d at 435 (holding that plaintiff injected into the litigation the issue of when he knew or should have known certain facts that gave rise to his claims and, thus, he waived privilege as to certain communications between him and his attorney). *Cf. In re Itron, Inc.*, 883 F.3d 553, 564–65 (5th Cir. 2018) (recognizing the "manifest unfairness that results when a party invokes privileged communications while denying its adversary access to the same") (citations omitted); *Russell v. Curtin Matheson Sci., Inc.*, 493 F. Supp. 456, 458 (S.D. Tex. 1980) ("[T]he deliberate injection [of an issue] into a case waves the attorney-client privilege as to communications relating to the [issue]."); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967) (The privilege is not an inviolable seal upon the attorney's lips.").

## **CONCLUSION**

Capital One respectfully requests that the Court enter an order that the e-mail correspondence between Vignaud (from or to her Capital One e-mail account) and her attorneys is not subject to the attorney-client privilege. Alternatively, in the event that Plaintiff carries her burden of proving the correspondence and any attachments are privileged, Capital One requests that the Court order that any privilege has been waived. Finally, Capital One requests that if the Court holds that these documents are not protected by attorney-client privilege that the documents remain sealed and not be made publicly available given the risk that the documents contain Capital One confidential and proprietary information.

Dated: July 30, 2018 Respectfully submitted,

**MCGUIREWOODS LLP**

By: */s/ Ronald G. Franklin*
    **Ronald G. Franklin**
    *Attorney-in-Charge*
    Texas Bar No. 07380500
    S.D. Texas Fed. ID No. 5456
    **Kate Semmler Cornelius**
    Texas Bar No. 24079298
    S.D. Texas Fed. ID No. 2200688
    J.P. Morgan Chase Tower
    600 Travis Street, 75th Floor
    Houston, Texas 77002
    T +1 713 571 9191
    F +1 832 214 9927
    rfranklin@mcguirewoods.com

*Of Counsel:*

**Jonathan P. Harmon** (admitted *pro hac vice*)
Virginia Bar No. 39801
**Bryan A. Fratkin** (admitted *pro hac vice*)
Virginia Bar No. 38933
**Caroline S. Burton** (admitted *pro hac vice*)
Virginia Bar No. 91647

**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
T +1 804 775 1000
F +1 804 775 1061
jharmon@mcguirewoods.com
bfratkin@mcguirewoods.com
cburton@mcguirewoods.com

**David S. Reidy** (admitted *pro hac vice*)
California Bar No. 225904

**MCGUIREWOODS LLP**
Two Embarcadero Center, Suite 1300
San Francisco, California 94111
T +1 415 844 1969
F +1 415 844 1913
dreidy@mcguirewoods.com

**Anand S. Raman** (admitted *pro hac vice*)
D.C. Bar No. 455372
**Darren M. Welch** (admitted *pro hac vice*)
D.C. Bar No. 491869
**Caroline Van Zile** (admitted *pro hac vice*)
D.C. Bar No. 1017942

**SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP**
1440 New York Avenue, N.W.
Washington, D.C. 20005
T +1 202 371 7000
F +1 202 393 5760
anand.raman@skadden.com
darren.welch@skadden.com
caroline.vanzile@skadden.com

*Attorneys for Defendant Capital One, N.A..*

## **CERTIFICATE OF CONFERENCE**

Opposing counsel asserted that the e-mails and attachments at issue in this Motion are protected by the attorney-client privilege in an email on July 12, 2018, and again on July 25, 2018, when he voluntarily produced these e-mails to the Court under seal, but failed to produce a copy to undersigned counsel. Capital One disputes that the emails are privileged, and the parties have been unable to resolve the issue without court intervention.

                                               */s/ Ronald G. Franklin*
                                               Ronald G. Franklin

**CERTIFICATE OF SERVICE**

   I hereby certify that, on July 30, 2018, a copy of the foregoing document was served, via the Court's CM/ECF Filing System, upon the following counsel of record:

| | |
|---|---|
| Benjamin L. Hall, III<br>William L. Van Fleet, II<br>**THE HALL LAW FIRM**<br>530 Lovett Blvd.<br>Houston, Texas 77006<br>Telephone: (713) 942-9600<br>Facsimile: (713) 942-9566<br>bhall@bhalllawfirm.com<br>bvfleet@comcast.net<br><br>Al Odom<br>**THE ODOM LAW FIRM**<br>601 Sawyer, Suite 225<br>Houston, Texas 77007<br>Telephone: (713) 357-5153<br>Facsimile: (713) 588-8637<br>aodom@aodomlawfirm.com<br><br>*Attorneys for Plaintiffs* | Enrique M. Dovalina<br>**DOVALINA & EURESTE, LLP**<br>1707 S. Houston Rd.<br>Pasadena, Texas 77502<br>Telephone: (713) 624-1000<br>rdovalina@comcast.net<br><br>*Attorney for LULAC*<br><br>Adrian V. Villacorta<br>**THE VILLACORTA LAW FIRM**<br>530 Lovett Blvd.<br>Houston, Texas 77006<br>Telephone: (832) 991-8864<br>Facsimile: (832) 201-7469<br>avillacorta@avvlaw.com<br><br>*Attorney for Laurie Vignaud* |

               */s/ Ronald G. Franklin*
               Ronald G. Franklin